IN RE BOUTELLE, BROWN, Petitioner, v. BOU-
TELLE, Respondent.

St. Louis Court of Appeals, April 16, 1907.

1. PARENT AND CHILD: Custody of Child. In determining the
custody of an infant child, the first consideration by the court
is the welfare of the child, but the right to its custody is given
to the father as against the grandmother unless its best in-
terest will be otherwise subserved.

2. RES JUDICATA: Habeas Corpus: Same State of Facts. Where
a *habeas corpus* proceeding was instituted in the circuit court
by the father of a child for the purpose of having the custody
of the child taken from its .grandmother and awarded to him,
the judgment awarded the child to the petitioner. In a subse-
quent *habeas corpus* proceeding begun by the grandmother in
the Court of Appeals to recover the custody of the child, where
the same state of facts was shown as in the former proceed-
ing and the allegations of the petition were the same as the
allegations of the return in the first proceeding; the doctrine of
*res judicata* applied and the judgment in the first proceeding
was a bar to the second.

Original Proceedings by Habeas Corpus.

CUSTODY OF CHILD REMANDED.

*F. A.* and *L. A. Wind* for petitioners.

There is naught in any of the cases cited in respond-
ent's brief that reflects upon the position announced by
the court that the welfare off .the child is a paramount
question and that in the absence of any cause to con-
trary the parent is entitled to the possession of his in-
fant child. Richards v. Collins, 45 N.J. 283; Campbell
v. Campbell; 76 Mo. App. 396; West v. West, 96 Mo.
App. 683.

*D. P. Dyer* for respondent.

(1) The law is well settled in Missouri that the
welfare of the child is the controlling question in deter-

mining its custody. Campbell v. Campbell, 76 Mo. App. 396; West v. West, 94 Mo. App. 686; In re Doyle, 16 Mo. App. 170; Poole v. Gott, 14 Law Rep. 269, 76 Mo. 589; In re O'Neil, 3 Am. Law Rev. 578; Richards v. Collins, 45 N. J. Eq. 283; Merrit v. Swimley, 82 Va. 433; Green v. Campbell, 35 W. Va. 698. This case is on all-fours with the present one, and holds that when the minor is out of the possession of its father and in good custody the court should refuse to give him the custody, and "let well enough alone." Id. 704; In re Blackburn, 41 Mo. App. 634; Church on Habeas Corpus, sec. 446, p. 720; 15 Am. & Eng. Enc. of Law, 183. (2) The facts now before the court being different from the facts disclosed that the hearing before Judge Taylor brings this case clearly within the decisions of the supreme court of this state and of this honorable court, in that the decision of Judge Taylor is not a bar to this present proceeding in the Court of Appeals. Edwards v. Edwards, 84 Mo. 552.

GOODE, J.—This is an original proceeding instituted to obtain by means of the writ of habeas corpus, the custody of a child. Clark Boutelle is the infant son of Fred C. Boutelle, and the grandson of Mrs. Henry V. Brown, on his mother's side. The contest is between these parties. Mrs. Brown says her daughter, who was the wife of Fred C. Boutelle and died a few days after the child was born, on her deathbed requested Mrs. Brown to rear the child and the father agreed this should be done. Testimony was given by Mrs. Brown to prove the arrangement and contrary testimony by Mr. Boutelle. It is certain that for five years or more after the death of the mother, the child was in the care of its grandmother and, certain, too, that the terms on which she held the custody were settled by a written agreement between her and the father. The substance of the agreement, as far as is material to the present case, was that the father should pay Mrs. Brown fifteen dollars a

month for expenses incurred in rearing and nurturing the child, reserving the right to take charge of it at any time he saw fit, without question or dispute. That writing was signed both by the grandmother and the father, but the former contends that at the time she executed it she did not know her own or the child's legal rights. In March, 1906, Mrs. Brown was notified by letter that Mr. Boutelle would claim the custody of his son. When he attempted to do so the grandmother refused to relinquish the custody and a habeas corpus proceeding was instituted by the father in the circuit court of the city of St. Louis, before the Hon. Daniel G. Taylor, to obtain the child. This proceeding was against Mrs. Brown and her husband. The return of Mrs. Brown to the writ stated that on March 17, 1901, eight days after Clark Boutelle was born, his mother died; that shortly before her death she requested respondent to take care of and raise the baby, to which request respondent assented and gave her daughter a promise that she would comply with it, and in pursuance of said promise faithfully cared for the child from the death of its mother to the date of the return, treating it at all times with as much affection as if it had been born of her own body; that the child was of premature birth, highly nervous and prone to disease, greatly attached to its grandmother, and she to it, and the severance of their relations would be detrimental to the health, if not the life, of the child, that she was blessed with good health and able to care for the comfort of her grandson and was sincerely desirous to do so; that Fred Boutelle was remarried in September, 1906, and no stepmother could or would give the child such care and love as its grandmother had given and would continue to give it. The return then proceeded to charge that Fred Boutelle was not a loving husband to his deceased wife, nor had he manifested any affection for his own son since his wife's death. Other matters are stated which we need

not recite.   The return. then pleads in full the written
agreement between Mrs. Brown and Mr. Boutelle, re-
garding the custody of the child and alleges, in avoid-
ance of said agreement, that Mrs. Brown was unaware
at the time she executed the agreement, of her own and
the child's rights and executed it in fear of the boy being
taken away from her.   Those are the substantial state-
ments of the return to the writ of habeas corpus issued
from the circuit court.   In answer to the return Mr.
Boutelle averred that at all times he had treated his de-
ceased wife and child with love and affection; that when
she died Mrs. Brown and her husband were living with
him, but he decided to discontinue housekeeping, and at
Mrs. Brown's request permitted her to have charge of
the child under the aforesaid written agreement; that
he (Boutelle) had remarried, was dwelling in a com-
fortable home and was better able to provide for the sup-
port and education of his son than was the grandmother.
Some other matters are stated in the answer which will
be omitted from the present statement.   On these plead-
ings testimony was heard by the circuit court and after-
wards judgment was entered that the custody and con-
trol of the boy, Clark Boutelle be awarded to his father,
Fred C. Boutelle.   This judgment was given on June 25,
1906, and within an hour after it had been entered, the
present proceeding was instituted by Mrs. Brown
against the father.   On reading the petition for the writ,
we find it is substantially, if not identically, like the re-
turn filed to the first proceeding.   The return in the
present case contains the same matter as did the answer
to the return in the first cause.   Therefore the issues of
fact in the two cases are identical.   A perusal of the
record in comparison with the opinion in Weir v. Marley,
99 Mo. 484, has satisfied us that this case must be con-
trolled by the decision of the Supreme Court in the one
cited.   The facts are alike, except that in the present
case the petitioner agreed to relinquish the child on the

father's demand; whereas, in the Marley case there was no such agreement, but evidence to prove the child had been taken by its grandparents with the father's consent at the mother's death, to be reared. On this proof the Supreme Court held the contract of the father would not preclude him from afterwards reclaiming his child provided he was a suitable person to have the custody of it. The settled doctrine was recognized that the first thought of the court in such cases, is the welfare of the child; but the right to its custody is given by law to the father unless the evidence shows its best interest will be subserved by awarding the custody to some one else.

So much for the merits of the case with which, in our opinion, we have nothing to do; because the same facts existed when the present application was made that were shown to exist in the first proceeding in the circuit court. Indeed, no different state of facts in any material particular was proved to exist when the evidence in the present case was taken. It is apparent from the institution of this cause immediately after the former one was decided, that the petitioner did not rely on a change of statute, but was, in effect, though not in form, prosecuting an appeal from the judgment of the circuit court. The decision in the Marley case decides squarely that we are precluded by said judgment from determining this case on its merits. Therefore it is considered, ordered and adjudged that the custody and control of said minor Clark Boutelle be remanded to its father, Fred C. Boutelle, in accordance with the judgment of the circuit court of the city of St. Louis heretofore entered as aforesaid. All concur.